## Gann v. Bloom.

N. F. Womer, for plaintiff; Lisle D. McCall, for defendant.

CHASE, P. J., Jan. 18, 1929.—At the conclusion of the trial of this case, the defendant asked for binding instructions for the defendant, which being refused by the court and the jury having found verdict for the plaintiff herein, this motion was made.

This issue first came before the court on rule to show cause why judgment should not be opened, at which time the court reviewed the petition and answer and filed an opinion, setting forth the law as viewed by the court in arriving at the conclusion that the facts alleged are such as raised an issue which should be passed upon by a jury. That opinion was filed to the above number and term on Oct. 16, 1928, and is made a part of the opinion as filed in this motion, the issues therein raised and disposed of in that motion being in a great measure applicable to the disposition of this motion.

The facts surrounding this case, in substance, are that the defendants and the petitioners in this motion are man and wife. The plaintiff, G. W. Gann, is a surgeon and physician in the City of Du Bois. For a considerable period of time, Dr. Gann was the family physician of the defendants, during which time he treated various members of the family, the children, the wife and the husband. The evidence discloses that the charges were made against J. G. Bloom, the husband, for the services rendered and that this account on July 28, 1926, amounted to $371.40. It further appears that some effort was made on the part of Dr. Gann to secure the payment of this book account charged to J. G. Bloom; that on the above date the defendants, J. G. Bloom and his wife, Isaylia E. Bloom, came to the office of the plaintiff and at that time gave a judgment note—the note in question—which note was dated July 28, 1926, made payable to Dr. Gann for the sum of $371.40. This note was signed as makers, as appears on the face of the note as follows: Mrs. Isaylia E. Bloom (Seal), J. G. Bloom (Seal). At that time Dr. Gann gave to J. G. Bloom a receipt in full for the book account, which receipt reads as follows: "July 28, 1926. Received of J. G. Bloom, Three hundred seventy one and 40/100 Dollars, in full to date. (Signed) G. W. Gann." (See defendant's Exhibit "B.")

The plaintiff in the issue raised contended that the act of Isaylia E. Bloom was considered and was a payment of this book account, while, on the other hand, it is contended by the defendants that the legal effect of the acts and

conduct of Isaylia E. Bloom was to make her a surety for her husband for the payment of his debts.

It is admitted by all parties concerned that a wife may pay the debts of her husband and may borrow money to do so, and if she does that she is legally bound for her obligation. It is also understood by the parties in interest that a wife cannot become an accommodation maker or endorser or surety for the debts of another: The defendant earnestly contends that under the facts in this case it is apparent that Mrs. Bloom was nothing more than an accommodation maker in the case.

A careful review of the cases at the time on the motion to open up the judgment convinced the court that the circumstances were such that the court could not say as a matter of law whether the act of the said wife was as an accommodation maker or whether under the law it was a payment of her husband's debts, and the only possible way to determine under the law in which class this conduct fell was to submit the issue to the jury under the evidence.

At the trial of the cause, the court permitted all testimony introduced tending to show the circumstances, the conditions and opinions of the parties interested for the jury's consideration in determining the single issue raised. An examination of the charge of the court clearly indicates that the court carefully reviewed the law and cautioned the jury that if the conduct as indicated by the evidence in the cause in any way demonstrated that there was an attempt, either by agreement between the parties or by acts of the plaintiff, to circumvent the law as to the prohibition of a married woman's becoming accommodation maker, that if the evidence disclosed that there was any attempt to take advantage of Isaylia E. Bloom, and they did not find that this was a payment of the debt of the husband by the wife, their verdict should be for the defendants. The court also called the jury's attention to the fact that this prohibition forbidding the attempt on the part of married women to become surety, endorser or accommodation maker is on the books for the protection of married women, and the law will scrutinize very carefully to determine whether the conduct and acts are such as to indicate an attempted evasion on the part of individuals, and even though the attempt was with the consent and active efforts on the part of the married woman, the jury should find that the transaction was an accommodation transaction.

The court has not changed its mind as to the conclusion that this was a matter for the jury, and whether the court would have found as the jury found is not material. The evidence before the jury (page 9) discloses that the account was carried by J. G. Bloom; that a receipt in full for the book account was given when this note transaction took place. On page 21 of the testimony, Mr. J. G. Bloom, the defendant, testified, in answer to this question: "Q. That paid the bill and you got a receipt for the bill in full? A. Yes." On page 27 of the testimony, Mrs. Isaylia E. Bloom, the wife, testified, in answer to this question: "Q. It was thoroughly understood between you and your husband and Dr. Gann on July 28, 1926, that that note was given, that the note paid the account, and Mr. Bloom was given a receipt in full for the account. Is that right? A. Yes, sir." It seems to the court that in the teeth of this testimony the court would not be justified in saying that there was not evidence which justified the jury, in addition to the rest of the testimony in this case, to find the verdict that was arrived at.

Now, Jan. 18, 1929, motion for judgment *n. o. v.* overruled, exceptions noted and bill sealed to the defendant. Costs to follow verdict. Judgment to be entered upon the verdict upon payment of the jury fee.

From John M. Urey, Clearfield, Pa.